UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

HYUNDAI TRANSLEAD,
        Plaintiff,

v.                                              Case No. 3:04-cv-0582
                                               Judge Aleta Trauger
JACKSON TRUCK & TRAILER REPAIR, INC.,     Magistrate Judge Griffin
JAMES A. HARRELL, Individually,
RALIEGH J. WILLIAMS, Individually,
MARK LAZARUS, Individually, and
MCH TRANSPORTATION COMPANY,

        Defendants.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER SUBSTITUTING HYUNDAI TRANSLEAD IN THE CAPACITY OF THE BANKRUPTCY TRUSTEE AS PLAINTIFF IN CASE NO. 3:04-0582 NOW PENDING IN THIS COURT; AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**I.**         **Introduction.**

        1.         On June 30, 2004, Hyundai filed a Complaint in this Court against Jackson Truck and Trailer Repair, Inc., James A. Harrell, Raleigh Williams, Jeffrey G. Davis and Mark Lazarus (with the exception of Jeffrey G. Davis, the "JT&T Parties"), referred to hereafter as the "Case." On September 23, 2004, Hyundai filed an Amended Complaint in the Case.

        2.         On January 6, 2005, Hyundai filed an involuntary Chapter 7 bankruptcy petition against Trailer Source, Inc., case No. 05-00148-MH3-7, Bankruptcy Court, Middle District of Tennessee (the "Bankruptcy Case"). An order for relief was entered on February 14, 2005. Further prosecution of Case was stayed under the provisions of 11 U.S.C § 362(a).

        3.         The JT&T Parties and Samuel K. Crocker as trustee in the Bankruptcy Case filed a motion to approve a settlement between them of all the bankruptcy estate's claims against the

JT&T Parties (the "Settlement Approval Motion"). On April 21, 2006, the Bankruptcy Court entered an order approving the Settlement Approval Motion.

  4.  Hyundai filed in the Bankruptcy Case a "Motion for Derivative Standing and Permission to Pursue Investigation and Filing of Fraudulent Transfer Claims on Behalf of the Bankruptcy Estate" (the "Derivative Standing Motion"). On February 21, 2006, the Bankruptcy Court entered an order denying the Derivative Standing Motion.

  5.  On March 30, 2007, this Court entered its order reversing both the Settlement Approval Motion and the Derivative Standing Motion (Doc. No. 19).

  6.  On May 24, 2007, the Bankruptcy Court caused to be entered in the record of the Bankruptcy Case the Order and Memorandum of the District Court, referred to in paragraph 5, above.

Hyundai, by these Motions, now seeks to substitute itself in its derivative capacity as plaintiff in the Case, and to file an amended complaint that reflects the claims of the estate in the Bankruptcy Case against the JT&T Parties.

**II.  Hyundai, in its Derivative Capacity Standing in the Shoes of the Trustee, Should Be Substituted as Plaintiff and the Real Party in Interest for Certain Purposes in the Case.**

Fed.R.Civ.Proc. 17(a)[1] (incorporated by Fed.R.Bankr.Proc. 7017[2]) provides in pertinent part as follows:

> (a) Every action shall be prosecuted in the name of the real party in interest. . . . No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed . . . for . . .

---

[1] Fed.R.Civ.Proc. is cited hereafter as FRCP.

[2] Fed.R.Bankr.Proc. is cited hereafter as FRBP.

2

substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

When Hyundai filed its complaint in the case, it was the real party in interest. Upon the filing of the involuntary petition, however, the claims in the complaint relating to fraudulent transfers became property of the bankruptcy estate.

Property of a bankruptcy estate includes "any interest in property that the trustee recovers under section . . . 550. 11 U.S.C. § 541(a)(3)." Section 550 provides in pertinent part:

> (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, . . . [or] 548 of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property . . . .

11 U.S.C. § 550.

It is clear that the trustee, to the exclusion of creditors of the debtor, has the exclusive right to pursue the avoidance of fraudulent transfers and to recover the property transferred or its value. *Sturgeon State Bank v. Perkey (In re Perkey)*, 194 B.R. 846, 848 (Bankr. W.D. Mo. 1996). The court in *Perkey* stated:

> It is clear that Sturgeon has standing to object to the proof of claim filed by Rodney Perkey, and has standing to object to the Perkeys' discharge under section 727(a). 11 U.S.C. § 502(a); *In re Bluestone,* 102 Bankr. 103, 105 (Bankr. N.D. Ohio 1989). However, the case law is well established that Sturgeon does not have standing to bring a fraudulent conveyance action against Richard and Laura Perkey. See *Nebraska State Bank v. Jones*, 846 F.2d 477, 477-78 (8th Cir. 1988); *Saline State Bank v. Mahloch*, 834 F.2d 690, 694-95 (8th Cir. 1987); *In re Jeter*, 171 Bankr. 1015, 1022 (Bankr. W.D. Mo. 1994), aff'd, 73 F.3d 205 (8th Cir. 1996); *In re Auxano, Inc.*, 87 Bankr. 72, 72 (Bankr. W.D. Mo. 1988). The right to invoke a fraudulent conveyance action under section 544 or 548 of the Bankruptcy Code belongs to the Trustee or debtor-in-possession as the representative of all the unsecured creditors. *In re Fletcher*, 176 Bankr. 445, 453 (Bankr. W.D. Mich. 1995). An action before the Court to set aside a fraudulent transfer must be in the name of the bankruptcy estate

3

as the real party in interest." *Auxano*, 87 Bankr. at 72. The trustee is the representative of the estate. 11 U.S.C. § 323(a).

*In re Perkey*, *supra*, 194 B.R. at 848.

Indeed, the trustee in the Bankruptcy Case, Samuel Crocker, previously filed a motion to substitute himself as plaintiff in the Case for the purpose of carrying out the (now disapproved) settlement between him and the JT&T Parties. The JT&T Parties, who did not object to, but joined in the motion, cannot now be heard to object to the same motion, albeit a motion brought by Hyundai in its derivative capacity.

The opinion of the court in *Comm. of Junior Mortg. Note Holders in Organic Conversion Corp. v Dygert*, 232 B.R. 155 (Bankr. D. Minn. 1999), is instructive. In that case, a creditors' committee in a company's bankruptcy timely filed a non-dischargeability complaint in the bankruptcy case of the individual guarantor of notes for loans to the company from noteholders represented by the committee. Later, a member of the creditors' committee moved to intervene in the proceeding. The court held the committee had no standing to sue because its members, but not the committee itself, were creditors of debtor guarantor. The court also determined that intervention was not appropriate. The court, however, treated the motion of the committee member to intervene as a motion to substitute the member as the real party in interest under FRBP 17(a), and granted the motion. Although the time for filing a non-dischargeability complaint had expired, the substitution related back to the time of the filing by the creditors' committee.

By allowing ratification by, or joinder or substitution of, the real party in interest, the rule seeks to prevent forfeiture of an action when determination of the correct party to bring the action is difficult or when an understandable mistake has been made. *United States v. CMA, Inc.*,

4

890 F.2d 1070, 1074 (9th Cir. 1989); *Del Re v. Prudential Lines, Inc*., 669 F.2d 93, 96 (2d Cir. 1982); *Crowder v. Gordons Transports, Inc.,* 387 F.2d 413, 418 (8th Cir. 1967). *Dygert*, *supra* at 158.

The instant case parallels the *Dygert* case. Hyundai, in its derivative capacity, and for the benefit of the estate in the Bankruptcy Case, seeks to be substituted as the plaintiff in the Case. It is fortuitous that the Case was filed, for due to the long time that has expired since the order for relief was entered in the Trailer Source case, statutes of limitation might preclude the filing of a new action under 11 U.S.C. §§ 544(b), 548 and 550, to avoid and recover fraudulently transferred property. Enabling Hyundai, *qua* trustee to be substituted as the plaintiff and real party in interest in the Case allows the Case to proceed for the benefit of all creditors of the Trailer Source bankruptcy estate.

There is no doubt that a trustee in bankruptcy succeeds to pre-petition claims of the debtor. In *Kohlbrenner v. Victor Belata Belting Co.*, 1998 U.S. Dist. LEXIS 8990 (W.D.N.Y. 1998), an employee of the defendant employer sued the employer for alleged sex discrimination. The employee then filed bankruptcy. The defendant employer moved to dismiss the case on the ground that the employee, having filed bankruptcy, was no longer a party in interest. The court denied the motion and allowed the trustee to be substituted as plaintiff, pursuant to FRBP 7017. In *Bickford v. Ponce de Leon Care Cntr*, 918 F. Supp. 377 (M.D. Fla. 1996), the trustee was substituted as plaintiff in a pre-bankruptcy complaint for employment discrimination under FRCP 17(a). In *Tate v. Snap-On tools Corp*., 1997 U.S. Dist. LEXIS 1485 (Bankr. N.D. Ill. 1997), the debtor (formerly a dealer for the defendant), prior to filing bankruptcy had sued the

5

defendant for fraud and breach of contract. The court approved substitution of the Chapter 7 trustee as plaintiff in the action.

If a trustee can be substituted as a plaintiff in pre-bankruptcy litigation, it follows that a creditor with derivative authority, standing in the shoes of the trustee, can and also should be substituted as plaintiff in such litigation under FRBP 7017. The only difference in the instant case is that Hyundai, standing in the shoes of the trustee, seeks to be substituted as plaintiff in an action it brought earlier as a creditor of the debtor to set aside transfers and recover property that had been fraudulently transferred. As noted above, it cannot be disputed that the fraudulent transfer claims in that action are property of the Trailer Source bankruptcy estate. It follows that the trustee is entitled to be substituted as the plaintiff in that action; and, since the trustee will not act and Hyundai has been granted derivative authority, Hyundai, standing in the shoes of the trustee, is entitled to be substituted as plaintiff.

### III. Hyundai's Status as a Secured Creditor Is Not an Impediment to Substituting Hyundai in its Derivative, Representative Capacity as Plaintiff in the Case.

Hyundai is a secured creditor of Trailer Source, whose collateral consists of substantially all of Trailer Source's assets. Hyundai has agreed to subordinate its security interest to that of the Trailer Source estate. Hyundai, as a secured creditor, in no way intends to compete with the estate for any part of a recovery from the JT&T parties, other than to share in the recovery as an unsecured creditor.

### IV. Hyundai, in its Derivative Capacity, Must Be Permitted to File an Amended Complaint.

The existing amended complaint was filed by Hyundai in its individual capacity. The operative facts have not changed respecting fraudulent transfers of money and trailers, although

6

much additional evidence of these transfers has been amassed by Hyundai since the complaint was filed. The legal bases for the claims have changed, however, in that Hyundai now acts in a derivative capacity, standing in the shoes of the trustee in the Bankruptcy Case. Specifically, the complaint must be amended to reflect the following**:**

      1) The fact that Hyundai in its derivative capacity has become plaintiff;

      2) The new bases of jurisdiction and venue under the 28 U.S.C. §§ 1334(b), 157 and 1409(a);

      3) Claims based on the trustee's avoiding powers in 11 U.S.C. §§ 544(b), 548 and 550;

      4) Additional claims based on the bankruptcy estate's interest in certain claims arising from the contract between Trailer Source and the JT&T Parties;

      5) Claims based on transfers of money and trailers to shareholders of Trailer Source which are illegal under Tennessee and Alabama law; and

      6) Claims based on conversion of property of the estate in the Bankruptcy case.

Many of the transfers of property and money to the JT&T Parties took place in 2002. The original complaint was filed well within applicable statutes of limitation. It is important that the amended complaint by Hyundai in its derivative capacity relate back to the date of the filing of the original complaint to avoid arguments by the JT&T Parties that one or more statutes of limitation may have run. See *Dygert*, *supra*, 232 B.R. 155 (Bankr. D.Minn 1999)**.**

The JT&T Parties suffer no prejudice by reason of the filing of an amended complaint by Hyundai in its derivative capacity. By reason of the original complaint, as well as proceedings in the Bankruptcy Case[3] in which they have participated throughout, the JT&T Parties, in a timely

---

[3] Most notably, the Petix Declaration filed in support of Hyundai's motion for reconsideration of

manner, have been put on notice of the claims against them.

## V. It Is Appropriate and Necessary That Hyundai Continue as an Additional Plaintiff in its Individual Capacity.

This Court's order determining that Hyundai should be granted derivative standing to pursue the bankruptcy estate's claims against the JT&T Parties has been certified for interlocutory appeal to the Sixth Circuit Court of Appeals. It is not yet known, however, whether the Sixth Circuit will accept the appeal.

Either now, or later upon appeal from a judgment in this case, it can be reasonably anticipated that the Sixth Circuit, and perhaps eventually, the United States Supreme Court, will consider whether derivative standing is permissible under the Bankruptcy Code. In the unlikely event of a determination that derivative stand is inappropriate, it is necessary that Hyundai preserve its individual rights as a secured creditor. Solely for this reason, Hyundai also appears in the Second Amended Complaint as a co-plaintiff in its individual capacity.

Hyundai's claims for conversion of its collateral are valid claims. Hyundai asserts those claims, and seeks judgment based on the claims. Nevertheless, Hyundai subordinates its interest in the claims of conversion of its collateral to the interest of the Trailer Source bankruptcy estate.

## VI. Conclusion

For the reasons stated, Hyundai's motion to be substituted in its derivative capacity as

---

the Bankruptcy Court's denial of Hyundai's motion for derivative standing, sets out substantial evidentiary support for claims by the estate against the JT&T Parties based contract law and bankruptcy law (*viz,* 11 U.S.C. §§ 544(b), 548 and 550). See also Exhibit A to the Request to Take Judicial Notice, filed in support of these Motions.

8

Case 3:04-cv-00582   Document 59   Filed 06/20/07   Page 8 of 10 PageID #: 120

plaintiff in the Case should be granted, and the motion to file an amended complaint should be granted. It is time that the claims in the District Court Case be pursued by Hyundai standing in the shoes of the trustee, and by Hyundai in its individual capacity as well.

**Respectfully submitted,**

**C.W. WIED PROFESSIONAL CORPORATION**

By: /s/ Colin W. Wied
  Colin W. Wied, admitted Pro Hac Vice
CA State Bar No. 36231
C.W. Wied Professional Corp.
501 West Broadway, Suite 1780
San Diego, CA 92101
(619) 338-4030
(619) 338-4022 facsimile
cww@cwwied.com


**FARRIS MATHEWS BRANNAN BOBANGO**
 **HELLEN & DUNLAP, PLC**

By: /s/ James E. Bailey III
   Fred M. Acuff, Jr. (8402)
   James E. Bailey III (015979)
   R. Campbell Hillyer (022124)
40 South Main Street
One Commerce Square, Suite 2000
Memphis, TN 38103
(901) 259-7100
(901) 259-7150 facsimile

and

9

PARKER, LAWRENCE, CANTRELL & DEAN

By: /s/ Richard K. Smith
   Richard K. Smith, Esq.
Suite 500
200 Fourth Avenue North
Nashville TN 37219

**CERTIFICATE OF SERVICE**

     I hereby certify that on June 20, 2007 a true and correct copy of the foregoing has been served electronically or placed in the U. S. mail, postage pre-paid and properly addressed to:

Samuel K. Crocker, Esq.
Crocker & Nairhos
611 Commerce Street
Suite 2720
Nashville, TN 37203

Office of the United States Trustee
701 Broadway
Room 318
Nashville, TN 37203

John C. Hayworth, Esq. and
John L. Farringer, IV, Esq.
Walker Bryant Tipps & Malone
2300 One Nashville Place
150 Fourth Ave., N.
Nashville, TN 37219-2415

Paul G. Jennings, Esq.
Bass Berry & Sims, PLC
315 Deaderick Street
AmSouth Center
Suite #2700
Nashville, TN 37238-3001

Trailer Source, Inc.
Attn. Jeffrey Davis
C/O Glenn Rose, Esq.
315 Deaderick St, #1800
Nashville, TN 37238

10